UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

BATTERY ON THE GO, INC. d/b/a XSORii,             Case No.

    Plaintiff,

v.

DGL GROUP, LTD. and EZRA ZAAFARANI,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

### INTRODUCTION

1.     Plaintiff Battery on the Go, Inc. is one of the leading producers of portable battery chargers offering convenient transportability, high capacity, and extreme durability for smartphones. Battery on the Go is the proprietor of the PowerBar® trademark and has used the mark since 2012 to advertise and sell its products in the United States and throughout the world. As a result of the exceptional quality of goods produced by Battery on the Go under the PowerBar® mark, and the considerable efforts expended by Battery on the Go in its promotion, the mark has achieved worldwide recognition for first-rate portable battery chargers. Defendants have engaged in unfair competition and deceptive and unfair trade practices, and infringed Battery on the Go's exclusive right to the mark, by repeatedly using it over a period of years to market and sell their own, albeit low quality, and dangerous, portable battery chargers. Accordingly, Battery on the Go seeks monetary relief including the disgorgement of substantial profits that have been illegally kept by Defendants.

### THE PARTIES

2.     Battery on the Go, Inc. d/b/a XSORii ("Battery on the Go") is a corporation organized under the laws of the State of Florida with its principal place of business located in

Miami-Dade County, Florida.

3.  Upon information and belief, Defendant DGL Group, Ltd. ("DGL") is a corporation organized under the laws of the State of New York with its principal executive office located in Brooklyn, New York, which improperly sold products bearing the PowerBar® trademark.

4.  Upon information and belief, at all relevant times, Defendant Ezra Zaafarani ("Zaafarani") was and is the Chief Executive Officer of DGL and resides in Brooklyn, New York.

5.  Upon information and belief, at all relevant times, Zaafarani was and is the majority shareholder of DGL.

6.  Upon information and belief, at all relevant times, Zaafarani had and has the right to supervise and control the infringing activity alleged herein and had and has a direct financial interest in such activity. In addition, or alternatively, at all relevant times, Zaafarani had and has knowledge or reason to know of the infringing activity, oversaw, approved, and/or participated in the infringing activity, and otherwise took actions in which he contributed to such activity.

## JURISDICTION AND VENUE

7.  This is a civil action seeking damages for trademark infringement under the trademark laws of the United States, 15 U.S.C. §1051 *et seq.*, and under the trademark infringement and unfair competition and deceptive and unfair trade practices laws of the State of New York, and for violation of New York General Business Law §360 *et seq.* This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 (federal question jurisdiction), 28 U.S.C. §1332 (diversity jurisdiction) and 28 U.S.C. §1338 (jurisdiction over trademark actions). The Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367(a). Venue is proper in New York under 28 U.S.C. §1391(b)(3) because this Court has personal jurisdiction over Defendants and acts

2

**ZARCO EINHORN SALKOWSKI & BRITO**
**MIAMI TOWER, 100 S.E. 2ND STREET, 27TH FLOOR, MIAMI, FLORIDA 33131 (305) 374-5418 FAX (305) 374-5428**

of infringement concerning the PowerBar® mark occurred within New York, including within this District.

## TRADEMARK INFRINGEMENT

### Battery on the Go's PowerBar® Mark

8.  Battery on the Go designs and sells battery chargers, batteries, cases, and cables under the name XSORii, a lifestyle brand renowned for attractiveness, convenience, style, and design.

9.  Battery on the Go markets and sells, in every state and abroad:

   a. PowerJam wireless Bluetooth speakers, hats, and headbands;

   b. the Power-Max Jump Starter, which fits in the palm of one's hand but, with an electrical charge capacity of 13,600 milliamperes per hour (mAh), can jump start a car or truck up to ten times on a single charge;

   c. power accessories such as PowerBank key chain chargers, iPhone and multi-use USB cables, USB car chargers, wall chargers, make-up cases, clock radios, neoprene Bluetooth ski masks, Bluetooth gloves, powered cellphone cases, and 30-pin adapters; and

   d. its PowerBar® line of portable battery chargers.

10. Battery on the Go's PowerBar® products encompass fluid design elements combined with proprietary li-polymer organic blend battery technology that delivers industry leading results.

11. The XSORii® 12,000 mAh Organic PowerBar® charges all smartphones up to ten times before it needs to be re-charged. This equates to hundreds of hours of talk time.

12. The 6,000 mAh Organic PowerBar® charges smartphones up to five times before re-charging, and the 3,000 mAh PowerBar®, while smaller in size, provides robust charging capabilities for smartphones and hundreds of small electronics and portable devices with ease.

13. These products retail for $169.99, $109.99, and $59.99, respectively.

14. Battery on the Go also offers 15,000, 10,000, and 6,000 mAh wood grain PowerBar® portable battery chargers.

15. All PowerBar® chargers feature mAh li-polymer organic blend battery technology, include a cable that works with smartphone models for the years 2001 to 2014, and have dual USB outputs for tablets and smartphones.

16. Battery on the Go owns U.S. Standard Character Mark No. 4,482,290 for the mark PowerBar®. A copy of the registration certificate for the PowerBar® mark is attached hereto as **Exhibit "A."**

17. The date of first use in commerce of the PowerBar® mark is May 25, 2012. Battery on the Go's registration for the PowerBar® mark issued on February 11, 2014.

18. Since in or around May 2012, Battery on the Go has used its PowerBar® mark to sell and promote battery charging products under the mark in all fifty states and internationally.

19. In or around 2012, Battery on the Go launched on cable, satellite, and broadcast television network, QVC, which broadcast Battery on the Go's PowerBar® products to 235 million households in domestic and foreign markets.

20. In or around 2013, Battery on the Go began placing its PowerBar® products in retail locations that promote brand positioning, including:

    a. Best Buy;

    b. RadioShack;

    c. Techshowcase, which sells Battery on the Go's PowerBar® products in its retail stores located in the international airports of Atlanta, Boston, Miami, Philadelphia, Raleigh-Durham, and San Francisco;

   d.  TigerDirect, a direct online and catalog retailer of computers and consumer electronics with headquarters in Florida;

   e.  Verizon; and

   f.  7-Eleven.

21. Plaintiff's PowerBar® products are sold in over 2,700 retail stores in the United States.

22. In or around 2014, Battery on the Go increased its nationwide consumer electronics retail presence to include:

   a.  Fry's Home Electronics, which operates stores in Arizona, California, Georgia, Illinois, Indiana, Nevada, Oregon, Texas, and Washington;

   b.  Dick's Sporting Goods, a Fortune 500 company;

   c.  InMotion Entertainment, which operates consumer electronics storefronts in airports throughout the country; and

   d.  in all 148 retail locations of the Independent College Bookstore Association.

23. This increased retail store presence was complimented by explosive sales of Battery on the Go's PowerBar® products on daily deal sites, including Beyond the Rack, CBS Deals, City Hits, Groupon, iPhone Life, LivingSocial, No More Rack, Plum District, Shop NBC, Stack Social, Troop Swap, Yugster, and Zulily.

24. In or around 2014, Battery on the Go's websites, batteryonthego.com and xsorii.com, received 3.2 million unique visits and 4.8 million page views, with an average time on site of four minutes and twenty-two seconds.

25. Battery on the Go makes its PowerBar® products available for direct sale to the public through its websites.

ZARCO EINHORN SALKOWSKI & BRITO
MIAMI TOWER, 100 S.E. 2ND STREET, 27TH FLOOR, MIAMI, FLORIDA 33131 (305) 374-5418 FAX (305) 374-5428

26. In or around 2015, Battery on the Go began to market and sell its PowerBar® products in Canada and Mexico, giving Battery on the Go a full global footprint for the distribution of its PowerBar® products in over 35,000 retail locations in seven countries.

27. Battery on the Go was the first consumer electronics portable power brand to launch on Facebook and QVC, market portable power products focused on the female market, offer power products in eight color variations to appeal to particular audiences, and include a certified Apple iPhone 5 USB cable in its packaging.

28. Battery on the Go has launched its PowerBar® products with "A" list celebrities, athletes, and disc jockeys, such as Chris Andersen and Jamie Foxx.

29. As a result of the substantial time, effort, and energy of the committed individuals at Battery on the Go, the PowerBar® mark has become recognized and associated with the highest quality and most attractive portable battery chargers in the market.

### Defendants' Infringement of the PowerBar® Mark

30. Upon information and belief, DGL is a manufacturer and seller of toys and electronics.

31. Upon information and belief, DGL maintains a website located at www.dglusa.com.

32. Upon information and belief, without Battery on the Go's authorization, consent or knowledge, and without any remuneration to Battery on the Go, Defendants manufactured, imported, sold, advertised, and distributed hundreds of thousands of portable battery chargers at Five Below, Inc. ("Five Below") retail stores nationwide, and on Defendants' website, which chargers featured the PowerBar® mark, in or around 2014.

33. On or about April 29, 2014, DGL issued a recall of approximately 99,000 of the infringing products due to melted parts, smoking, leaking batteries, and fire, posing a fire hazard and resulting in reports of bursting portable battery chargers and property damage.

34. Defendants' conduct, including their infringing use in interstate commerce of their "Power Bar" products, was subsequent to Battery on the Go's use of its PowerBar® mark.

35. Upon information and belief, Defendants were aware of Battery on the Go's use of the PowerBar® mark on their portable battery chargers before Defendants began selling the infringing products to Five Below and the purchasing public, as a result of the promotional and other marketing, advertising, publicity and sales activities of Battery on the Go, as more fully described above, and from the website of Battery on the Go.

36. None of the proceeds from sales of Defendants' "Power Bar" chargers benefits Battery on the Go.

37. Defendants are not corporate sponsors or corporate partners of Battery on the Go.

38. The infringing products are confusingly similar in design to Battery on the Go's PowerBar products.

39. Defendants' conduct has damaged Battery on the Go by creating an erroneous impression of an affiliation or sponsorship between Defendants and Battery on the Go, and has impaired Battery on the Go's sales and promotional activities.

40. Defendants' conduct has damaged Battery on the Go by creating the potential for reverse confusion in that consumers would believe that Defendants are the senior users of the PowerBar® mark and that Battery on the Go is a junior user, infringer, and/or a competing entity rather than the real proprietor of PowerBar® portable battery chargers.

**ZARCO EINHORN SALKOWSKI & BRITO**
**MIAMI TOWER, 100 S.E. 2ND STREET, 27TH FLOOR, MIAMI, FLORIDA 33131 (305) 374-5418 FAX (305) 374-5428**

41. Defendants' conduct has damaged Battery on the Go's reputation as a distributor of high quality consumer electronics, through Defendants' manufacture, marketing, and sales of poorly made and dangerous infringing products.

42. In or around 2014, Battery on the Go became aware that Defendants had launched a line of portable battery chargers under the name, "Power Bar."

43. All conditions precedent to bringing this action have been waived, excused, performed, or otherwise occurred.

## COUNT I
### Infringement of Registered Trademark under 15 U.S.C. §1114(1)

44. Battery on the Go re-alleges and incorporates paragraphs 1-43 as if fully set forth herein.

45. This is a claim for infringement of the federally registered PowerBar® mark, as depicted in the attached Exhibit A.

46. Defendants' conduct as alleged herein constituted a willful and knowing attempt to trade on the goodwill which Battery on the Go owns and has developed in the PowerBar® mark.

47. Defendants' conduct caused confusion or mistake, or deceived the purchasing public and others, leading them to mistakenly believe that Defendants' goods and services were authorized by Battery on the Go or that Battery on the Go's goods and services were authorized by Defendants.

48. Defendants' conduct caused confusion or mistake, or deceived the purchasing public and others, leading them to mistakenly believe that Defendants' goods were those of Battery on the Go, or vice versa, in violation of 15 U.S.C. §1114(1).

49. Battery on the Go has suffered and continues to suffer substantial harm as a result

of Defendants' conduct.

## COUNT II
### Unfair Competition and False Advertisement under 15 U.S.C. §1125(a)

50.     Battery on the Go re-alleges and incorporates paragraphs 1-43 as if fully set forth herein.

51.     Defendants' conduct, as alleged herein, caused confusion, mistake, or deception as to origin, sponsorship, or approval of their goods sold and services provided under the term "Power Bar," and create consumer confusion as to the source of such goods and services, in violation of 15 U.S.C. §1125(a).

52.     Defendants' conduct constituted a willful and knowing attempt to trade on the goodwill which Battery on the Go has developed in its PowerBar® mark, and violates Battery on the Go's trademark rights in its PowerBar® mark.

53.     Battery on the Go has suffered and continues to suffer substantial harm as a result of Defendants' conduct.

## COUNT III
### Violation of N.Y. Gen. Bus. Law §360 *et seq.*

54.     Battery on the Go re-alleges and incorporates paragraphs 1-43 as if fully set forth herein.

55.     Battery on the Go's PowerBar® mark is distinctive.

56.     Defendants' distribution and sale of the infringing products has infringed on Battery on the Go's PowerBar® mark, diluted the distinctive quality of the PowerBar® mark, and has, among other things, reduced the selling power of Battery on the Go's mark and diminished the mark's ability to serve as a source and product identifier.

57. Defendants' conduct described above constitutes, among other things, trademark infringement in violation of Section 360-k of the New York General Business Law.

58. Defendants' conduct described above constitutes, among other things, injury to business reputation and trademark dilution in violation of Section 360-l of the New York General Business Law.

59. As a direct and proximate consequence of Defendants' willful and wanton infringement and dilution of Battery on the Go's PowerBar® mark, and other misconduct, committed with the intent to cause confusion or mistake or to deceive, Battery on the Go's business reputation and the goodwill associated with the PowerBar® mark and the favorable associations that consumers and the public make with the mark have been impaired and diminished, and the PowerBar® mark has been and is likely to be diluted.

60. Battery on the Go has suffered and continues to suffer substantial harm as a result of Defendants' conduct.

## COUNT IV
## Trademark Infringement under Common Law

61. Battery on the Go re-alleges and incorporates paragraphs 1-43 as if fully set forth herein.

62. Defendants' conduct as alleged herein is likely to cause confusion, or to cause mistake, or to deceive the purchasing public and others, whereby they would be led to mistakenly believe that Defendants are affiliated with, related to, sponsored by, or connected with Battery on the Go, in violation of the common law of the State of New York.

**ZARCO EINHORN SALKOWSKI & BRITO**
**MIAMI TOWER, 100 S.E. 2ND STREET, 27TH FLOOR, MIAMI, FLORIDA 33131 (305) 374-5418 FAX (305) 374-5428**

63. Defendants' conduct is thereby likely to confuse and deceive members of the purchasing public as to the source of portable battery chargers as a result of Defendants' infringing use of the PowerBar® mark with portable battery chargers.

64. Defendants' conduct constitutes an intentional, willful, and reckless disregard of Battery on the Go's rights by Defendants and an attempt to trade on the goodwill which Battery on the Go has developed in its PowerBar® mark, all to the damage of Battery on the Go.

65. Defendants' activities were designed with the intent to mislead and/or deceive the trade and public into believing that Defendants were affiliated with, authorized, endorsed, sponsored and/or sanctioned by Battery on the Go or are connected or associated in some way with Battery on the Go, which they are not.

66. Battery on the Go has suffered and continues to suffer substantial harm as a result of Defendants' conduct.

## COUNT V
## Unfair Competition under Common Law

67. Battery on the Go re-alleges and incorporates paragraphs 1-43 as if fully set forth herein.

68. Defendants' conduct as alleged herein constitutes misappropriation of valuable property rights of Battery on the Go and trading on the goodwill symbolized by the PowerBar® mark, and is thereby likely to confuse and deceive members of the purchasing public as to the source of Battery on the Go's goods as a result of Defendants' infringing use of the PowerBar® mark.

69. By virtue of Defendants' conduct, Defendants have engaged in unfair competition in violation of the common law of the State of New York.

11

70. Defendants' conduct constitutes an intentional, willful, and reckless disregard of Battery on the Go's rights and an attempt to trade on the goodwill which Battery on the Go has developed in its PowerBar® mark, all to the damage of Battery on the Go.

71. Defendants' activities were designed with the intent to mislead and/or deceive the trade and public into believing that Defendants were affiliated with, authorized, endorsed, sponsored and/or sanctioned by Battery on the Go or are connected or associated in some way with Battery on the Go, which they are not.

72. Battery on the Go has suffered and continues to suffer substantial harm as a result of Defendants' conduct.

**WHEREFORE**, Plaintiff Battery on the Go, Inc. requests that this Court:

A. Find that Defendants have infringed Battery on the Go's mark in violation of federal law and have damaged Battery on the Go's goodwill by their conduct.

B. Find that Defendants have unfairly competed with Battery on the Go and committed false advertisement by the acts complained of herein, in violation of federal law.

C. Award Battery on the Go monetary damages including all of Defendants' profits or gains of any kind resulting from their willful infringement and/or acts of unfair competition, said amount to be trebled, and exemplary damages, in view of the intentional nature of the acts complained of herein, pursuant to 15 U.S.C. §1117.

D. Award Battery on the Go its attorneys' fees and costs, and award such fees under 15 U.S.C. §1117 due to the exceptional nature of this case.

E. Find that the acts of Defendants constitute violations of New York General Business Law §360 *et seq.*

F. Award Battery on the Go monetary damages including all of Defendants' profits or gains of any kind resulting from their willful infringement and/or acts of unfair competition, said amount to be trebled, pursuant to New York General Business Law §360-m.

G. Award Battery on the Go its attorneys' fees and costs, and award such fees under New York General Business Law §360-m.

H. Find that the acts of Defendants constitute trademark infringement in violation of the common law of the State of New York.

I. Find that the acts of Defendants constitute unfair competition in violation of the common law of the State of New York.

J. Award Battery on the Go compensatory damages in an amount to be determined at trial.

K. Award Battery on the Go punitive damages in an amount to be determined at trial.

L. Award Battery on the Go pre and post-judgment interest according to law.

M. Award Battery on the Go such other and further relief as the Court deems just.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

Dated: August 26, 2015                              Respectfully submitted,

**ZARCO EINHORN SALKOWSKI & BRITO, P.A.**
*Counsel for Plaintiff*
Miami Tower
100 S.E. 2nd Street, 27th Floor
Miami, Florida 33131
Telephone (305) 374-5418
Facsimile (305) 374-5428

By: s/ Gabriel Estadella
    **ROBERT ZARCO**, *pro hac vice*
    rzarco@zarcolaw.com
    khernandez@zarcolaw.com

13

eservice@zarcolaw.com
**ALEJANDRO BRITO**, *pro hac vice*
abrito@zarcolaw.com
**GABRIEL ESTADELLA** (GE1496)
gestadella@zarcolaw.com

14