IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| BATTERY ON THE GO, INC. d/b/a XSORii,<br><br>     *Plaintiff*,<br><br>    v.<br><br>DGL GROUP, LTD. and EZRA ZAAFARANI<br><br>     *Defendants*. | Civil Action No. 1:15-cv-05010-WFK-RML<br><br><br>**ANSWER WITH COUNTERCLAIMS OF DEFENDANTS DGL GROUP, LTD. AND EZRA ZAAFARANI** |

## INTRODUCTION

  1. Defendants lack knowledge or information sufficient to form a belief as to whether plaintiff is one of the leading producers of portable battery chargers offering convenient transportability, high capacity, and extreme durability for smartphones and whether plaintiff is the proprietor of the PowerBar trademark and has used the mark since 2012 to advertise and sell its products in the United States and throughout the world, and therefore deny the same. Otherwise, the allegations contained in Paragraph 1 of the Complaint constitute conclusions of law as to which no substantive responses are required. Defendants respectfully refer all questions of law to the Court.

## THE PARTIES

2. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint, and therefore deny the same.

3. Denied, except admitted that DGL Group, Ltd. is a corporation organized under the laws of the State of New York.

4. Admitted.

5. Denied.

6. The allegations contained in Paragraph 6 of the Complaint constitute conclusions of law as to which no substantive responses are required. Defendants respectfully refer all questions of law to the Court.

## JURISDICTION AND VENUE

7. Defendants admit that plaintiff purports to bring an action for trademark infringement under the trademark laws of the United States and under the trademark infringement and unfair competition and deceptive and unfair trade practices laws of the State of New York, and for violation of New York General Business Law; otherwise, denied.

8. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint, and therefore deny the same.

9. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint, and therefore deny the same.

10. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint, and therefore deny the same.

11. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint, and therefore deny the same.

12. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint, and therefore deny the same.

13. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint, and therefore deny the same.

14. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint, and therefore deny the same.

15. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint, and therefore deny the same.

16. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint, and therefore deny the same.

17. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint, and therefore deny the same.

18. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint, and therefore deny the same.

19. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint, and therefore deny the same.

20. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint, and therefore deny the same.

21. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint, and therefore deny the same.

22. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint, and therefore deny the same.

23. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the Complaint, and therefore deny the same.

24. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the Complaint, and therefore deny the same.

25. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of the Complaint, and therefore deny the same.

26. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of the Complaint, and therefore deny the same.

27. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 of the Complaint, and therefore deny the same.

28. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 of the Complaint, and therefore deny the same.

29. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 of the Complaint, and therefore deny the same.

**DEFENDANTS ALLEGED INFRINGEMENT OF THE POWERBAR MARK**

30. Admitted
31. Admitted

32. Admitted that Defendant DGL Group, Ltd. imported and sold portable battery chargers and sold portable battery chargers to Five Below, Inc. ("Five Below"); otherwise, denied.

33. Admitted.

34. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 of the Complaint, and therefore deny the same.

35. Denied.

36. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 of the Complaint, and therefore deny the same.

37. Admitted.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 of the Complaint, and therefore deny the same.

43. Denied.

## COUNT I

44. In response to Paragraph 44 of the Complaint, Defendants repeat, reiterate and reallege each and every response heretofore made in Paragraphs 1 through 43 as if fully set forth herein.

45. Defendants admit that plaintiff purports to bring an action for trademark infringement under the trademark laws of the United States; otherwise, denied.

46. Denied

47. Denied

48. Denied

49. Denied

## COUNT II

50. In response to Paragraph 50 of the Complaint, Defendants repeat, reiterate and reallege each and every response heretofore made in Paragraphs 1 through 49 as if fully set forth herein.

51. Denied

52. Denied

53. Denied

## COUNT III

54. In response to Paragraph 54 of the Complaint, Defendants repeat, reiterate and reallege each and every response heretofore made in Paragraphs 1 through 53 as if fully set forth herein.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

## COUNT IV

61. In response to Paragraph 61 of the Complaint, Defendants repeat, reiterate and reallege each and every response heretofore made in Paragraphs 1 through 60 as if fully set forth herein.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

## COUNT V

67. In response to Paragraph 67 of the Complaint, Defendants repeat, reiterate and reallege each and every response heretofore made in Paragraphs 1 through 66 as if fully set forth herein.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

**AFFIRMATIVE DEFENSES**

Without affecting the appropriate burden of proof and otherwise without waiver, limitation, prejudice or right to amend, Defendants assert their affirmative defenses against Plaintiff Battery on the Go's Complaint as follows:

I. The Complaint fails to state a claim upon which relief can be granted.

II. Plaintiff's damages, if any, were proximately caused by Plaintiff's own acts and/or omissions.

III. The damages suffered by the Plaintiff, if any, were the result of actions or omissions caused by third parties over whom Defendants have no control.

IV. Plaintiff's Complaint is barred by the doctrine of laches and/or estoppel.

V. Plaintiff's claims are barred by Statute of Limitations.

VI. Plaintiff is not entitled to injunctive relief because any alleged injury to Plaintiff is neither immediate nor irreparable, and Plaintiff has an adequate remedy at law.

VII. Plaintiff's claims are barred, in whole or in part, because Defendants' conduct was in good faith and with non-willful intent, at all times.

VIII. Plaintiff's claims are barred because statutory damages sought are unconstitutionally excessive and disproportionate to any actual damages that may have been sustained in violation of the Due Process clause.

IX. Plaintiff's claims are barred because the alleged infringement was not caused by a volitional act attributable to Defendants.

  X. Plaintiffs' claims are barred or limited, in whole or in part, by the doctrine of unclean hands.

  XI. Defendants have not infringed any applicable trademarks under federal or state law.

  XII. Any use in whole or part of Plaintiff's trademarks is good faith, non-trademark, descriptive or functional use.

  XIII. There is no cognizable likelihood of confusion arising from the selection, adoption or use of Power Bar.

  XIV. Plaintiff can recover nothing on its trademark claims because the alleged trademark lacks secondary meaning.

  XV. Plaintiff can recover nothing on its trademark claims because the alleged trademark is descriptive.

  Defendants reserve the right to assert any additional affirmative defenses as may be appropriate based upon the facts or issues disclosed during the course of additional investigation or discovery.

## COUNTERCLAIMS

  Defendants assert the following counterclaims against Plaintiff Battery on the Go:

## PARTIES

  1. DGL is a New York corporation with its principal place of business at 195 Raritan Center Parkway, Edison, New Jersey 08837.

  2. Upon information and belief, Battery on the Go is a Florida corporation located in Miami-Dade County, Florida.

## JURISDICTION

3. These counter claims arise under the trademark laws of the United States as enacted under Title 15 of the United States Code and provisions of the Federal Declaratory Judgment Act, as well as the laws of the State of New York. The jurisdiction of this Court us proper under 17 U.S.C. §§ 101 et seq., 15 U.S.C. §§ 1051 et seq., and 28 U.S.C. §§ 1331, 1332, 1338,

## VENUE

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400.

5. Defendants restate and incorporate by reference its allegations in paragraphs 1- 72 of the Answer.

6. Based on Plaintiff's filing of this suit and Defendants' affirmative defenses, an actual case or controversy exists between Plaintiff and Defendants as to whether Plaintiff's trademarks are infringed by Defendants.

7. A judicial declaration is necessary and appropriate so that Defendants may ascertain its rights regarding the trademarks.

8. Defendants have not infringed and do not infringe, directly or indirectly, Plaintiff's trademarks.

9. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 et seq., Defendants request the declaration of the Court that Defendants do not infringe and has not infringed any trademark of Plaintiff.

**WHEREFORE,** Defendants request that the Complaint be dismissed with prejudice; declaratory judgment be rendered in Defendants' favor; Defendants be awarded all costs of their defenses against the Complaint, including attorney's fees; and that Defendants be awarded such other relief as this Court deems just and equitable.

Dated: New York, New York
          November 9, 2015

                                        Respectfully submitted,

                                        Garson, Ségal, Steinmetz, Fladgate LLP

                                        By:    /s/ Robert Garson
                                        Bar No. RG1521

                                        164 West 25th Street Suite 11R
                                        New York, NY 10001
                                        Telephone    (212) 380-3623
                                        Facsimile    (347) 537-4540

                                        Attorneys for DGL and Ezra Zaafarani
                                        Defendants/Counterclaimants